O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Civil Case No. SACV 13-1741-DOC  
Criminal Case No. SACR 93-0093-DOC

Date: March 31, 2014

Title: JUAN BENITO CASTRO V. UNITED STATES OF AMERICA

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER DENYING PETITIONER'S SECOND 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT ILLEGAL SENTENCE BY A PERSON IN FEDERAL CUSTODY [1]

Before the Court is Petitioner Juan Benito Castro's ("Mr. Castro") second 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Illegal Sentence by a Person in Federal Custody ("Motion"). After considering the moving, opposing and replying papers, the Court hereby DENIES the Motion.

## I. BACKGROUND

On August 13, 1996, a jury convicted Mr. Castro on seven counts, including conspiracy to distribute and possess with intent to distribute cocaine, distribution and possession with intent to distribute cocaine, carrying and using a firearm during a drug trafficking offense, and felon in possession of firearm. *See* Pl.'s 28 U.S.C. § 2255 Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Civil Case No. SACV 13-1741-DOC           Date: March 31, 2014
Criminal Case No. SACR 93-0093-DOC                    Page 2

(Civ. Dkt. 1). He is currently serving a sentence of 360 months in federal custody deriving from these convictions. *Id.*

On November 17, 2006, Mr. Castro filed a 28 U.S.C. § 2255 motion, seeking that the Court vacate his sentence. *See* April 11, 2007 Order (Crim. Dkt. 1033). This Court denied the motion on April 11, 2007. *Id.* Mr. Castro now brings forth a second 28 U.S.C. § 2255 motion directly to this Court.

## II. ANALYSIS

A district court may consider a second or successive Section 2255 motion only if the defendant obtains certification from the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). The second or successive motion must contain either newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable fact[-]finder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2).

Mr. Castro requests the Court to vacate his 360-month sentence on the grounds that *Alleyne v. United States*, 133 S. Ct. 2151 (2013) sets forth a new rule of constitutional law applicable to his case and is retroactive to cases on collateral review.[1] However, as Castro has failed to obtain certification from the Ninth Circuit Court of Appeals, the Court cannot consider the Motion.

## III. DISPOSITION

For the reasons stated above, the Court hereby DENIES Mr. Castro's Motion.


MINUTES FORM 11
CIVIL-GEN                                      Initials of Deputy Clerk: jcb

---

[1] All courts that have considered *Alleyne*'s retroactivity have held that *Alleyne* does not apply retroactively on collateral attack and does not have retroactive effect to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876–77 (7th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013); *In Re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013); *Morales-Ramirez v. Ivy*, No. CV 13-4901-GW (RNB), 2014 WL 59732, at *3 (C.D. Cal. Jan. 7, 2014).